IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID ROBINSON, *Plaintiff*, | : : : |
| v. | : CIVIL ACTION NO. 19-CV-953 : |
| JESSIE KIRSCH, *et al.*, *Defendants*. | : : : |

**MEMORANDUM**

PAPPERT, J.                                                                                 JANUARY 15, 2020

      *Pro se* Plaintiff David Robinson, a prisoner currently confined at the Berks County Jail, filed an Amended Complaint pursuant to 42 U.S.C. § 1983 alleging that prison officials were deliberately indifferent to his serious medical needs, along with a Motion to Proceed *In Forma Pauperis* and a Prisoner Trust Fund Account Statement.[1] (ECF Nos. 8, 9 & 10.) For the following reasons, the Court will grant Robinson leave to proceed *in forma pauperis* and dismiss in part his Amended Complaint.

I[2]

---

[1] In a prior Order filed on June 24, 2019 (ECF No. 6), the Court dismissed this case without prejudice for failure to prosecute after Robinson missed the deadline imposed by the Court for either submitting a motion to proceed *in forma pauperis* with a copy of his certified inmate account statement, or paying the fees to commence this action. Approximately six months later, Robinson submitted his Motion to Proceed *In Forma Pauperis*, Prisoner Trust Fund Account Statement, and an Amended Complaint. Considering the stated preference of the United States Court of Appeals for Third Circuit for disposing of matters on their merits rather than technicalities, *see Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984), and it appearing that the defendants will not be prejudiced by the reopening of this case, the prior Order will be vacated.

[2] The following allegations are taken from the Amended Complaint, which is now the governing pleading in this matter. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir.

Robinson named four Defendants in his pleading, all of whom are identified as PrimeCare employees who work at the Berks County Jail: (1) Jesse Kirsch, identified as "Provider"; (2) Mitzi Montz, identified as Director of the Medical Department; (3) Nurse Leona; and (4) Nurse Anthony. (Am. Compl. ECF No. 8 at 2-3.)[3] Robinson alleges that, prior to his incarceration, he was diagnosed with neuropathy including carpal tunnel syndrome. (*Id.* at 5.) Exhibits to Robinson's Amended Complaint reflect that in November 2018, he began submitting requests for medical attention for various issues, including a request for medical attention for carpal tunnel syndrome affecting his wrist.[4] (Am. Compl. Attachment A, ECF 8-1 at 6-9.) He claims that on January 23, 2019, Dr. Ken Wloczewski provided him with "ace wraps" until he could be approved for carpal tunnel braces to relieve his pain. (*Id.* at 10; *see also* ECF No. 8 at 5.) Robinson alleges that, without braces or surgery, he will suffer further damage to his wrists. (ECF No. 8 at 5.)

On February 2, 2019, the wraps were taken away from Robinson "because [he] was not wearing them when [he] went down to medical on two different [occasions]." (Am. Compl. Attachment A, ECF 8-1 at 1.) Robinson alleges that this action was taken by Nurse Leona at Kirsch's direction. (*Id.*) An exhibit attached to the Amended

---

2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted).

[3] The Court adopts the pagination assigned to the Amended Complaint by the CM/ECF docketing system.

[4] The allegations of the Amended Complaint focus on the condition affecting Robinson's wrists, so the Court does not understand him to be raising claims based on the other conditions. If he did intend to raise claims based on those conditions, those claims are not sufficiently pled.

Complaint indicates that Robinson asked Nurse Leona "if she even knew what '[neuropathy] was', because she went right along with what [Kirsch] was saying." (*Id.* at 14.) Kirsch allegedly told Robinson his doctor stated he did not have carpal tunnel syndrome; Kirsch also allegedly refused to show Robinson the report the doctor sent to the jail about Robinson's condition. (*Id.*) Robinson contends that his mother called his doctor; the doctor allegedly reported that he did not speak with Kirsch. (*Id.*)

Robinson asserts that he filed grievances about this matter and also submitted sick call slips. He alleges that Montz responded to one of his grievances "saying that [he] never mentioned [his] 'neuropathy' ever to medical." (*Id.*) Robinson also alleges that Nurse Anthony signed a sick call slip in which he asked for braces. (*Id.*) One of the exhibits Robinson attached to the Amended Complaint, which appears to be the relevant document for purposes of this allegation, is an "inmate communication form" dated December 6, 2018 (before Robinson saw the doctor), in which he asks for "a support brace for [his] wrist because [he has] bad [carpel] tunnel," to which he received a response that he was scheduled to see the provider."[5] (*Id.* at 6.) Robinson also asserts in his Amended Complaint that he has not received any medical treatment for four months.[6] (*Id.* at 1.)

---

[5] The document is difficult to read because of the handwriting and scan quality.

[6] It appears that Robinson's allegations were excerpted from his initial Complaint and were not updated when he filed his Amended Complaint. (*Compare* ECF No. 2 at 5 *with* ECF No. 8-1 at 1.) Accordingly, this four-month period appears to refer to approximately December 2018 to March 2019.

3

As relief, Robinson seeks "proper" medical treatment for his injury and $1.8 million in damages. (ECF No. 8 at 5.) He indicates that he is suing the Defendants in their individual and official capacities.

II

The Court will grant Robinson leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this lawsuit.[7] Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Robinson is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

III

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, Robinson's claims fail with

---

[7] However, as Robinson is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

4

the exception of his claims against Defendants Kirsch and Nurse Leona in their individual capacities.

A

Robinson's claims against the Defendants in their official capacities are essentially claims against PrimeCare, because "[o]fficial-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). "[A] private health company providing services to inmates 'cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability.'" *Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015) (per curiam) (quoting *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003)). Rather, in order to hold a private health care company like PrimeCare liable for a constitutional violation under § 1983, Robinson must allege the provider had "a relevant . . . policy or custom, and that the policy caused the constitutional violation [he] allege[s]." *Natale*, 318 F.3d at 583-84 (citing *Bd. of the County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)); *see also Lomax v. City of Philadelphia*, Civ. A. No. 13-1078, 2017 WL 1177095, at *3 (E.D. Pa. Mar. 29, 2017) ("Because [defendant] is a private company contracted by a prison to provide health care for inmates, . . . it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs.") (citations and quotations omitted). As Robinson has not alleged that any policy or custom of PrimeCare caused the constitutional violations he claims, his official capacity claims fail.

5

B

To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.[8] *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

"A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999); *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are

---

[8] The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). Robinson alleges that he is a pretrial detainee. (ECF No. 8 at 4.) However, the standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis. *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (per curiam); *see also Moore v. Luffey*, 767 F. App'x 335, 340 n.2 (3d Cir. 2019) (declining to address whether a new standard applies to claims raised by pretrial detainees based on issues related to medical care).

6

insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004); *see also King v. Cty. of Gloucester*, 302 F. App'x 92, 97 (3d Cir. 2008) ("Deliberate indifference requires more than inadequate medical attention or incomplete medical treatment." ). Additionally, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

1

Robinson's only allegation against Montz is that she responded to one of his grievances "saying that [he] never mentioned [his] 'neuropathy' ever to medical." (ECF No. 8-1 at 1.) In general, "[m]erely responding to or reviewing an inmate grievance does not rise to the level of personal involvement necessary to allege an Eighth Amendment deliberate indifference claim." *Tenon v. Dreibelbis*, 606 F. App'x 681, 688 (3d Cir. 2015) (per curiam); *Curtis v. Wetzel*, 763 F. App'x 259, 263 (3d Cir. 2019) (per curiam) ("The District Court properly determined that Defendants Wenerowicz, Lewis, and Shaylor – who participated only in the denial of Curtis' grievances – lacked the requisite personal involvement [in the conduct at issue]."); *Folk v. Prime Care Med.*, 741 F. App'x 47, 51 (3d Cir. 2018) (per curiam) ("Although some of these defendants were apparently involved in responding to some of Folk's prison grievances, there are no allegations linking them to the underlying incidents and thus no basis for liability based on those later grievance reviews."). In any event, Robinson's allegation does not

7

establish that Montz acted with deliberate indifference, especially since it is not clear what was alleged in the grievance or whether Montz was in a position to affect Robinson's medical treatment. Accordingly, Robinson has not stated a plausible claim against Montz.

2

The only basis for Robinson's claims against Nurse Anthony is that Anthony "signed a sick call slip." (ECF No. 8-1 at 1.) As noted above, it appears that this allegation may relate to a sick call slip Robinson submitted asking for a support brace because of his carpal tunnel syndrome, to which he received a response that he was scheduled to see the provider. These allegations do not support a plausible claim that Nurse Anthony acted with deliberate indifference to Robinson's medical needs. It appears Anthony merely completed paperwork and reported the status of Robinson's request to him. That does not support a deliberate indifference claim.

3

At this early stage, Robinson will be permitted to pursue his claims against Kirsch and Nurse Leona. Robinson alleges that he had been diagnosed with neuropathy and that on January 23, 2019, a doctor prescribed braces to treat his carpal tunnel syndrome. He claims that Nurse Leona took those braces away from him at Kirsch's direction. Robinson also contends that Kirsch misrepresented to him that he spoke with the doctor, when he had not, and his submission suggests that he mentioned his neuropathy during the incident. Taking these allegations as true, as the Court is obligated to do at this stage of the litigation, and reading the allegations liberally, Robinson may proceed on his claims against Kirsch and Nurse Leona at this time. *See*

*Neiswonger v. Montgomery*, Civ. A. No. 16-48, 2016 WL 7375032, at *3 (W.D. Pa. Dec. 20, 2016) (permitting deliberate indifference claims to proceed where "[p]laintiff has alleged that during his three month incarceration at ECP, he repeatedly requested and failed to receive his previously prescribed cast and brace, which were removed and taken from him before he arrived at ECP"); *Henry v. Buskirk*, Civ. A. No. 08-1348, 2011 WL 767540, at *3 (E.D. Pa. Feb. 24, 2011) (denying motion to dismiss claims against doctor where plaintiff alleged, among other things, that the doctor "took from him the neck brace [other] doctors prescribed and gave to him").

IV

For the foregoing reasons, the Court will grant Robinson leave to proceed *in forma pauperis*, dismiss without prejudice his claims against the Defendants in their official capacities and his claims against Montz and Nurse Anthony in their individual capacities, and permit him to proceed on his deliberate indifference claims against Kirsch and Nurse Leona in their individual capacities. Robinson will be given an opportunity to file a second amended complaint in the event he seeks to amend the dismissed claims, or he may notify the Court that he would prefer to proceed at this time on his claims against Kirsch and Nurse Leona. An appropriate Order follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**