IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID ROBINSON,<br><br>        *Plaintiff,*<br><br>v.<br><br>JESSIE KIRSCH, et al.,<br><br>        *Defendants.* | CIVIL ACTION<br>NO. 19-953 |

**PAPPERT, J.**                                                                                                                                                                                                                          **March 21, 2023**

<u>**MEMORANDUM**</u>

      David Robinson, proceeding *pro se*, sued Berks County Jail medical personnel over their alleged mistreatment of his carpal tunnel syndrome. The Court granted Defendants' Motion for Summary Judgment. (ECF 60, 61.) Robinson filed a motion, which the Court now denies, seeking reconsideration under Federal Rule of Civil Procedure 59(e) and relief from judgment under Rule 60(b). (ECF 63).

I

      "The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A party seeking reconsideration must demonstrate "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe*, 176 F.3d at 677. Motions for reconsideration are to be granted "sparingly" and may not be used to relitigate issues or to assert new arguments that

1

should have been raised earlier.  *PBI Performance Prods., Inc. v. NorFab Corp.*, 514 F. Supp. 2d 732, 744 (E.D. Pa. 2007) (quotation omitted); *accord United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010).  "[A] motion for reconsideration addresses only factual and legal matters that the Court may have overlooked.  It is improper on a motion for reconsideration to ask the Court to rethink what it ha[s] already thought through—rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993) (quotation omitted) (cleaned up).  Robinson points to no change in controlling law or new evidence, so reconsideration is only appropriate if he can demonstrate clear error of law or fact or manifest injustice.

Several of Robinson's arguments challenge the Court's determination that the evidence in the record did not create a genuine dispute of material fact and its entry of summary judgment in favor of Defendants.  (Robinson Mot. ¶¶ 1, 5, 9–10, 13, 16–18, ECF 63.)  But "mere disagreement with the earlier ruling" does not justify reconsideration. *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311–12 (3d Cir. 2018).

Robinson also objects to the use and availability of expert testimony at summary judgment, stating that the Court improperly precluded him from subpoenaing doctors and offering expert testimony.  (Robinson Mot. ¶¶ 4, 6).  The Court did not preclude such evidence; Robinson never requested issuance of any subpoenas.  Moreover, the Court already considered this issue, which Robinson raised in his Response in Opposition to Defendants' Motion for Summary Judgment,[1] (ECF 56), so it is not an appropriate basis for reconsideration.  (ECF 60 at 14.)

---

1   Robinson also claims the Court improperly failed to consider his response to Defendants' motions *in limine* (ECF 62), which was docketed after summary judgment was entered, offering to

Robinson argues both that the Court improperly interpreted his medical records without the aid of an expert witness, and that an expert witness should not have been required to support his allegation of deliberate indifference. (Robinson Mot. ¶¶ 2, 11.) The Court acknowledged in its Opinion that expert testimony is not necessary in all inadequate medical care cases, but that it may be required when a lay jury would not be in a position to assess whether treatment fell below the professional standard of care. (ECF 60 at 8); *Pearson v. Prison Health Servs.*, 850 F.3d 526, 536 (3d Cir. 2017). Robinson's disagreement with the Court's interpretation of his medical records and determination that expert testimony was necessary in this case does not justify reconsideration.

Relatedly, Robinson claims that the Court applied an incorrect standard for evaluating inadequate care claims. (Robinson Mot. ¶ 12.) But Robinson fails to cite any binding precedent undermining the Court's discussion and application of the standards articulated by the Court of Appeals for the Third Circuit. (ECF 60 at 7–8.)

Robinson appears to argue that the Court disregarded controlling precedent by failing to appoint counsel to represent him. (Robinson Mot. ¶ 7.) To the extent he relies on out-of-circuit cases, the Court is not bound by those decisions, so failure to follow them is not a manifest error of law. He also cites *Parham v. Johnson*, 126 F.3d 454, 461 (3d Cir. 1997) for the proposition that the Court was obligated to "make every attempt to obtain counsel." A plaintiff in a civil case has no constitutional or statutory right to counsel. *Id.* at 457. 28 U.S.C. § 1915(e) permits district courts to "request" appointed counsel in appropriate cases. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d

---

subpoena doctors. The same offer to subpoena doctors was included in his summary judgment response. (ECF 56).

Cir. 2002). The Court twice referred this case to the Prisoner Civil Rights Panel, but no attorney accepted it. (ECF 42, 46.) Robinson insists that referring the case to an attorney panel does not count as appointing counsel. (Robinson Mot. ¶ 8.) But the Court cannot command an attorney to take on Robinson's case. *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *Tabron v. Grace*, 6 F.3d 147, 157 & n.7 (3d Cir. 1993). The Court did not disregard controlling precedent in this case, so reconsideration is unwarranted.

Robinson's assertions that the Court excluded his medical records, (Robinson Mot. ¶ 3), and relied on the original Complaint rather than the Amended Complaint, (*Id.* at ¶¶ 14, 15), are inaccurate. Robinson filed several "Motion[s] to Submit Discovery Exhibits" with attached medical records and other documents supporting his arguments. (ECF 49, 52, 53). The Court granted all three motions and considered the attachments. (ECF 60 at 2 n.2; ECF 61). Furthermore, the Court referenced the Amended Complaint throughout its Opinion.

Finally, Robinson requests that the Court recuse itself from this case. (Robinson Mot. ¶ 19.) Absent a showing that failure to recuse is a clear error of law or fact or manifestly unjust—which Robinson fails to advance here—such a request is not an appropriate basis for reconsideration.

II

Rule 60(b) permits a party to seek relief from a final judgment in five enumerated circumstances or for "any other reason that justifies relief." Fed. R. Civ. Proc. 60(b). Relief under the catch-all provision of Rule 60(b)(6) requires the movant to show "extraordinary circumstances," such that "without relief from the judgment, an

extreme and unexpected hardship will result." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251, 255 (3d Cir. 2008) (quotations omitted). Rule 60(b) is not a substitute for appeal, and "it is improper to grant relief under Rule 60(b)(6) if the aggrieved party could have reasonably sought the same relief by means of appeal." *Martinez-McBean v. Gov't of V.I.*, 562 F.2d 908, 911 (3d Cir. 1977).

Robinson presents no extraordinary circumstances that might entitle him to relief. Nearly all his claims reflect mere disagreement with the Court's rulings in matters which could and should have been addressed by means of appeal. (Robinson Mot. ¶¶ 1–13, 16–18.) Additionally, as already noted, Robinson's assertion that the Court improperly relied on his original Complaint, rather than the Amended complaint, is inaccurate. (*Id.* ¶¶ 14, 15). Finally, although judicial bias may in some cases justify relief under Rule 60(b)(6), this is not such a case. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988). Robinson suggests that the Court's decision to grant summary judgment "demonstrates implicit bias by the judiciary in favor of the defendants . . . ." (Robinson Mot. ¶ 18.) The only basis for Robinson's accusation is his disagreement with the Court's ruling, which is not an adequate basis for recusal—let alone the extraordinary remedy of relief from final judgment. *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 279 (3d Cir. 2000).

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.